In the matter of the final accounting of AARON SHEDAKER, administrator of E. Budd Heisler, deceased.

[Decided July 17th, 1908.]

1. The surplusage of the goods, chattels and personal estate of one dying intestate on August 30th, 1902, leaving him surviving a widow and certain uncles and aunts and the descendants of deceased uncles and aunts, is to be distributed—one moiety to the widow and the residue to the surviving uncles and aunts *per capita* and to the descendants of deceased uncles and aunts *per stirpes*, under the statute of distribution (*P. L. 1899 p. 204 § 169 subd. II.*) then in force.

2. A surviving aunt and certain first cousins of an intestate decedent appealed from an erroneous decree of the orphans court awarding distribution of a moiety of the intestate's personal property to grandnephews, with the result that distribution will be made to four surviving uncles and aunts and the representatives of fourteen deceased uncles and aunts, and the grandnephews will be excluded.—*Held*, that as the services of counsel in overthrowing the decree of the orphans court and establishing the right to participate in the distribution of the decedent's estate by this large class of kindred, were rendered for the benefit of them all, his compensation should not fall upon the few who have sustained the issue for the benefit of the many, but that his fee should be paid out of the fund.

On appeal from a decree of distribution made by the Burlington county orphans court.

*Mr. George Gilbert,* for the appellants.

*Mr. Ernest Watts,* for the respondents.

WALKER, VICE-ORDINARY.

On June 5th, 1903, the Burlington county orphans court made a decree for distribution of the balance in the hands of Aaron Shedaker, the administrator of the estate of E. Budd Heisler, who died intestate August 30th, 1902, which balance was the sum of $2,921.69, and ordered that it be distributed, one-half to Jeanette L. Heisler, the widow; and the other one-half in equal portions of one-fourth each to the guardian of William Heal and Clifford Heal, grandnephews of the decedent.

From this decree Rebecca Sampson, an aunt, and William L. Heisler, Peter K. Heisler, Elizabeth Praul, John H. Adams, George H. Adams and Elizabeth Cooper, first cousins and representatives of next of kin of the decedent, E. Budd Heisler, appealed to this court, and asked that the decree of distribution be reversed, and that they may have relief in the premises.

The decedent, E. Budd Heisler, had ten uncles and aunts on his father's side, one of whom is living and nine of whom died in his lifetime, and he had eight uncles and aunts on his mother's side, three of whom are living and five of whom died in his lifetime.

The Heal children to whom distribution was ordered to be made by the decree of the orphans court were grandnephews, children of Charles Hanna Heal, a niece of the decedent, she being a daughter of Charles Heisler, his deceased brother. The nearest relatives of E. Budd Heisler living at the time of his death were his aunts, Rebecca Sampson and Hope E. Adams, and his uncles, Micajah Marter and Edwin K. Marter.

According to our statute of distributions, as it existed when Mr. Heisler died and when the order of distribution was made, being an amendment to the Orphans Court act, approved March 22d, 1899 (*P. L. 1899 p. 204 § 169 subd. II.*), in case there be no children, nor any legal representatives of them (and there is not in this case), one moiety of the estate would go to the widow of the intestate (and there is a widow), and the residue equally to

every of the next of kindred, who are in equal degree, and those who represent them. According to our present statute upon the subject, being an amendment to the Orphans Court act, approved April 16th, 1908 (*P. L. 1908 p. 643 § 169 subd. II.*), in this case (there being a widow and no children nor any legal representative of them), the whole surplus fund would be allotted to the widow of the intestate. But this statute does not apply.

The act of 1899 was construed in the Essex orphans court (*In re estate of Cornelia B. Halsey, 28 N. J. L. J. 114*), and in this court (*S. C., sub nom., Smith v. McDonald, 69 N. J. Eq. (3 Robb.) 765*), and in the court of errors and appeals (*S. C., 71 N. J. Eq. (1 Buch.) 261*), the decision of this court being an affirmance of the Essex orphans court, and that of the court of errors and appeals being an affirmance of this court.

The act of 1899, as construed in *Smith v. McDonald*, gives, in a case such as the one under consideration, one moiety to the wife, and the other to the living next of kin of equal degree and the legal representative of deceased kindred of the same class. The stock entitled to representation are the descendants of the first ancestor in the ascending line common to the intestate and all the surviving next of kin, the next of kin being of equal degree taking *per capita,* and the descendants of deceased members of the same class taking *per stirpes.*

Now, in the case under consideration, the surviving uncles and aunts of the deceased intestate are his living next of kin in equal degree, being related in the third degree; whereas, the grandnephews to whom the Burlington county orphans court ordered distribution to be made are related in the fourth degree.

The relationship of the next of kin to the deceased is, as is well known, to be traced from the deceased to a common ancestor in the ascending line, and thence in the descending line from that common ancestor to the kindred. Thus, from E. Budd Heisler, the decedent, to his father, is one degree; from his father to his grandfather, is two degrees, and from the grandfather to his children (the brothers and sisters of the decedent's father), who are the decedent's uncles and aunts, is three degrees; therefore, as said, the uncles and aunts of the deceased are his next of kin in the third degree. The kinship of the

grandnephews to the decedent, to whom the orphans court ordered distribution to be made, is thus ascertained: From E. Budd Heisler, the decedent, to his father, is one degree; from his father to his (decedent's) brother Charles, is two degrees; from his brother Charles to his (Charles's) daughter, who was the niece of the decedent, is three degrees, and from her to her children (decedent's grandnephews), the distributees named in the decree of the orphans court, is four degrees. Therefore, as said, the grandnephews of the deceased are his next of kin in the fourth degree.

Having ascertained that the living next of kin in equal degree to the decedent are his uncles and aunts, it follows under the statute and decisions referred to that distribution is to be made to the uncles and aunts *per capita,* and to the descendants of those of them who are deceased *per stirpes,* and that the grandnephews are to be excluded.

The decree of the orphans court will be reversed and the cause remitted to that court for the making of a decree in conformity with these views.

Under the ruling of this court distribution will be made to the two aunts and two uncles and the representatives of the fourteen deceased uncles and aunts. The appeal in this cause was taken by one of the aunts and seven first cousins of the decedent, the latter being representatives of certain deceased uncles and aunts of the intestate. The services of counsel in overthrowing the decree of the orphans court and establishing the right to participate in the distribution of the decedent's estate by this large class of kindred, were rendered for the benefit of them all, and his compensation should not fall upon the few who have sustained the issue for the benefit of the many. Therefore a counsel fee, as well as the costs of these proceedings, will be allowed the appellants to be paid out of the fund. *Smith* v. *McDonald, 61 Atl. Rep. 453* (at *p. 455*), is a direct authority for such allowance. The amount of the counsel fee will be fixed upon application.